UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12-3652

TOWNES, J

-------------------------------------------------------------------X

FRANKLIN OKEKE,

                            Plaintiff,

- against -

CITY OF NEW YORK,
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5

                            Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY ON
ALL ISSUES**

FILED
CLERK
2012 JUL 24 AM 10:49
U.S. DISTRICT COURT
EASTERN DISTRICT
NEW YORK

Plaintiff, by his attorneys, **NASS & ROPER LAW, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### IN NEGLIGENCE

1. That the damages sought herein exclusive of interest, costs, and disbursements, exceed $75,000, and that this action is being commenced within the time allowed by law for institution of the action.

2. That at all times herein mentioned, Plaintiff, **FRANKLIN OKEKE**, was, and still is a resident of the City, County and State of New York.

3. That at all times relevant and material herein, the Defendant, **CITY OF NEW YORK,** was, and still is, a municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

4. That prior hereto on May 2, 2012, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiffs' demands for adjustment thereof, was duly served on the claimant's behalf on the Comptroller for the City of New York and that thereafter

said Comptroller for the City of New York refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5. That Defendant, **CITY OF NEW YORK,** had the right to conduct a hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid Notice of Claim, and that on June 25, 2012, the law firm of *Shapiro, Beilly & Aronowitz, LLP*, outside counsel for Defendant, **CITY OF NEW YORK,** conducted that hearing of Plaintiff, **FRANKLIN OKEKE**, for which Plaintiff appeared and testified.

6. That upon information and belief and at all times herein mentioned, defendant, **CITY OF NEW YORK,** owned and operated a police department within the CITY OF NEW YORK, known as defendant **NEW YORK CITY POLICE DEPARTMENT,** which includes the "28th precinct," and whose police headquarters are located at 2271-89 8th Ave., New York, NY, 10027; as well as the "25th precinct," who headquarters are located at 120 East 119 Street New York, NY 10035.

7. That, upon information and belief, at all times herein mentioned, **"POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,"** fictitious names whose identity is currently unknown, were employed as Police Officers, Detectives, or in some other capacity as an agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK.**

8. That, upon information and belief, at all times herein mentioned, the individuals **"POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,"** as well as other Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE**

**DEPARTMENT,** underwent a training program in order to become Police officers, detectives, and/or agents and employees of Defendant, **CITY OF NEW YORK** that included the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, but only if sufficient probable cause exists.

9. That on or about April 22, 2012, at approximately 1:00 a.m., while Plaintiff, **FRANKLIN OKEKE**, was driving Eastbound on the Tri-Borough Bridge when he approached a road block set up by Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** who were doing checks for people suspected of driving under the influence.

10. Plaintiff, **FRANKLIN OKEKE**, was approached by Defendant **POLICE OFFICER JANE DOE** who questioned him about where he was going and where he was coming from, to which Plaintiff replied that he was driving a friend back to his house after picking him up at a nightclub.

11. Defendant, **POLICE OFFICER JANE DOE**, asked Plaintiff if he was drinking and he said no. Defendant then asked Plaintiff to step out of the vehicle to walk in a straight line, which he did, and then continued to ask if he had been drinking.

12. Unsatisfied with Plaintiff's answers, Defendant brought a breathalyzer over to the scene and asked Plaintiff to blow into the machine approximately three times. Plaintiff blew into the machine as instructed each time, but Defendant **POLICE OFFICER JANE DOE** felt he was not doing it right and told Defendant **POLICE OFFICER JOHN DOE** to arrest Plaintiff.

13. Plaintiff, **FRANKLIN OKEKE**, was then brought to the precinct where he was questioned, finger-printed and eventually brought to another precinct where he was given yet another breathalyzer exam where it was finally determined that he was not drinking at all,

3

which caused Defendant **POLICE OFFICER JOHN DOE** to call Defendant **POLICE OFFICER JANE DOE** and ask that Plaintiff be let go.

14. After being held for approximately seven (7) hours and transported to multiple police precincts where he was given multiple breathalyzer examinations, Plaintiff, **FRANKLIN OKEKE**, was let go and told that the record of it would be removed.

15. That on or about April 22, 2012, at the above-mentioned date and location, Defendant JOHN/JANE DOE(S) #'S 1-5," and/or other Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, and/or **CITY OF NEW YORK**, while acting in the scope and furtherance of their employment, were careless, reckless, and negligent under the circumstances in the following manner but not limited thereto: In failing to avoid the happening of the incident involved herein; in failing to heed warnings; in failing to hire, train, and supervise efficient and sufficient personnel including Police Officer(s), Detective(s), and/or other agents and/or employees; in failing to comply with all applicable statutes, ordinances, rules, and regulations; in failing to exercise reasonable care in the hiring and retaining of employees; in failing to ascertain that an individual(s) was/were inappropriate and unsuitable for a particular job function or title, including as Police Officer(s), Detective(s), agents, and/or employees; in failing to monitor the subject situation; in negligently conducting police duties, and all of defendants acts and/or omissions constituting negligence were a direct and proximate cause of the incident involved herein and injuries sustained therefrom.

16. That at all times mentioned herein, and based particularly on the April 22, 2012 events as more fully set forth hereinabove, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, are vicariously liable for the resulting

4

injuries of the foregoing events of the individuals **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5**," and/or other Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** and/or **CITY OF NEW YORK** and/or other Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, as the above-described acts and/or omissions were all perpetrated by Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, within the scope and furtherance of their employment.

17. That, upon information and belief, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants involved in the incident herein, and failed to take all reasonable steps to eliminate the aforesaid conduct of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, towards the public, including Plaintiff, and to prevent it from occurring in the future.

18. That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **FRANKLIN OKEKE**, has been caused to sustain injuries mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **FRANKLIN OKEKE**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR FALSE ARREST

19. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

20. That, at the above-mentioned date and location, immediately after the above-described physical altercation, Plaintiff, **FRANKLIN OKEKE**, was handcuffed by Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** and placed in a Police Vehicle and taken to the 28th and 25th Precincts offices of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, under suspicion of driving while intoxicated despite the fact that Plaintiff passed all field sobriety tests given to him, passed the breathalyzer exam three separate times and told the officer he had not been drinking.

21. That, at the above-mentioned date and location, the individual Defendants "JOHN/JANE DOE(S) #'S 1-5," as well as other Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, and/or **CITY OF NEW YORK** accused and arrested plaintiff, **FRANKLIN OKEKE,** of having committed a criminal act(s), well knowing that Plaintiff committed no such criminal act(s) and were acting within the scope of their employment with Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK.**

22. That, upon information and belief, on or about April 22, 2012, Plaintiff, **FRANKLIN OKEKE**, was detained at the 25th and 28th Precinct offices of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** where he remained in custody for approximately seven (7) hours.

6

23. That, under the circumstances herein, the Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** falsely arrested, Plaintiff, **FRANKLIN OKEKE** and he sustained emotional overlay, stress, anxiety, humiliation, embarrassment, tension, and loss of wages and employment opportunity, and that as a result of the foregoing, the Plaintiff, **FRANKLIN OKEKE**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR FALSE AND UNJUST DETENTION

24. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

25. That as a result of the foregoing, Plaintiff **FRANKLIN OKEKE** was held and detained by Police officer(s), detective(s), agent(s) and/or employee(s) of Defendant **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK** against his will and without just or any cause and that the foregoing constitutes false and unjust detention of plaintiff.

26. That as a result of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **FRANKLIN OKEKE**, the Plaintiff, **FRANKLIN OKEKE**, has sustained damages for serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR FALSE IMPRISONMENT

27. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

28. That as a result of the foregoing, Plaintiff **FRANKLIN OKEKE** was held, detained and incarcerated by Police officers, detectives, agents and/or employees of Defendant **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, against his will and without just or any cause.

29. That Police officers, detectives, agents and/or employees of Defendant **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, intentionally confined Plaintiff, **FRANKLIN OKEKE,** who was aware of such confinement, within the definite physical boundaries of a police precinct with no reasonable means to contest said unlawful detention.

30. That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **FRANKLIN OKEKE**, has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **FRANKLIN OKEKE**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.     That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

32.     That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Police officers, detectives, agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, Plaintiff, **FRANKLIN OKEKE** suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension.

33.     That as a result of the foregoing intentional, extreme and outrageous acts of the Defendants, Plaintiff **FRANKLIN OKEKE** suffered severe emotional and/or mental distress, all of which are permanent in nature, and that as a result of the foregoing, the Plaintiff, **FRANKLIN OKEKE**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. §1983

34.     That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

35.     That Defendants, in existence, employed, and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York, failed to follow proper procedures in their conduct towards, and treatment of Plaintiff, **FRANKLIN OKEKE,** all because of his race as an African-American, which was violative of

9

Plaintiff's, **FRANKLIN OKEKE**, right to due process and equal protection under the laws as guaranteed by the Constitution of the United States of America.

36. That by reason of the foregoing, Plaintiff, **FRANKLIN OKEKE**, a citizen of the United States who had resided in the City, County and State of New York, was caused to be subjected to the deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States pursuant to Title 42, Section 1983 of the United States Code.

37. That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5 AND/OR CITY OF NEW YORK**, Plaintiff, **FRANKLIN OKEKE**, has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **FRANKLIN OKEKE**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.


**WHEREFORE**, Plaintiff, **FRANKLIN OKEKE,** demands judgment against Defendants, **CITY OF NEW YORK and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5** on each of the aforementioned causes of action, all of which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff demands judgment on each and every cause of action in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS, together with costs and disbursements of this action.

Dated:   New York, NY
         July 20, 2012

                                              Yours, etc.

                                              _____
                                              JUSTIN M. ROPER, ESQ. (7328)

## **ATTORNEY'S VERIFICATION**

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, FRANKLIN OKEKE. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:   New York, New York
         July 20, 2012

_____
JUSTIN M. ROPER, ESQ. (JR7328)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANKLIN OKEKE,

         Plaintiff,

– against –

CITY OF NEW YORK, ET AL.
         Defendants.

### SUMMONS & VERIFIED COMPLAINT

NASS & ROPER LAW, LLP
*Attorneys for Plaintiff*
FRANKLIN OKEKE
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

---

* Not for service of papers.