UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
FRANKLIN OKEKE,

                              Plaintiff,

          - against -

CITY OF NEW YORK,
POLICE OFFICER EMMANUEL HERNANDEZ (SH: 2830),
TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY ("TBTA"),
TBTA OFFICER SERGEANT O'SULLIVAN (SH: 00403),

                              Defendants.
--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

CV 12-03652 (SLT)(LB)

Plaintiff, FRANKLIN OKEKE, by his attorneys, NASS & ROPER LAW, LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, FRANKLIN OKEKE, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about April 22, 2012, at approximately 1:00 a.m., Plaintiff was driving Eastbound on the Tri-Borough Bridge when he approached a road block set up by Defendants. Plaintiff was falsely arrested by Defendants including, but not limited to, TBTA OFFICER SERGEANT O'SULLIVAN and POLICE OFFICER EMMANUEL HERNANDEZ. It is alleged that Defendants falsely arrested Plaintiff in violation of his constitutional rights. While in custody, Plaintiff was detained for approximately seven hours (7) before being let out the side door of the police precinct.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3. Plaintiff at all times relevant hereto resided at 12352 135th Street in the County of Queens, and in the City and State of New York.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER EMMANUEL HERNANDEZ (Shield Number 2830) was an NYPD police officer with the 25th Police Precinct, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of their employment.

6. Defendant TBTA is the municipal corporation that operates the TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY.

7. Defendant TBTA OFFICER SERGEANT O'SULLIVAN (Shield Number 00403) was a police officer of the TBTA, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant TBTA and within the scope of his employment. At all relevant times hereto, TBTA OFFICER SERGEANT O'SULLIVAN was acting under the color of state and local law.

2

       Defendant TBTA OFFICER SERGEANT O'SULLIVAN is sued in her individual and official capacities.

8. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

9. At all relevant times hereto, Defendant TBTA was responsible for making and enforcing the policies of TBTA and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the TBTA.

## IV. FACTS

10. On or about April 22, 2012, at approximately 1:00 a.m., Plaintiff, FRANKLIN OKEKE, was driving a friend home traveling Eastbound on the Triborough Bridge when he approached a road stop.

11. Plaintiff was told to pull over by Defendant TBTA OFFICER SERGEANT O'SULLIVAN and parked his car along the side of the road.

12. Defendant TBTA OFFICER SERGEANT O'SULLIVAN asked Plaintiff if he had been drinking and told him to exit the vehicle and walk to the rear of the car. Plaintiff told Defendant that he had not been drinking and exited the vehicle.

13. Defendant TBTA OFFICER SERGEANT O'SULLIVAN then subjected Plaintiff to three (3) breathalyzer tests, (all of which he passed), and then told Defendant POLICE OFFICER EMMANUEL HERNANDEZ that Plaintiff should be arrested anyway.

14. Defendant POLICE OFFICER EMMANUEL HERNANDEZ placed Plaintiff in handcuffs, put him in the back of a police car and brought him to the police precinct without any justifiable reason.

15. Plaintiff was then brought to the precinct where he was questioned, finger-printed and eventually brought to another precinct where he was given yet another breathalyzer exam where it was, again, clear that he was not drinking at all.

16. After being held for approximately seven (7) hours and transported to multiple police precincts where he was given multiple breathalyzer examinations, Plaintiff was let go from the precinct and told that the record of the arrest would be removed.

17. That heretofore and on the 2nd day of May, 2012, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

19. Paragraphs 1 through 18 of this complaint are hereby re-alleged and incorporated by reference herein.

20. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately seven hours.

21. That in detaining Plaintiff for approximately seven hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law, and Defendant TBTA abused its power and authority as policymaker of the TBTA under the color of State and/or local law.

22. Upon information and belief, it was the policy and/or custom of Defendants CITY and TBTA to inadequately supervise and train their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

23. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendants CITY and TBTA believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

24. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY and TBTA to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

25. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, and Defendant TBTA, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the

Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

26. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

27. Paragraphs 1 through 26 are hereby re-alleged and incorporated by reference herein.

28. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

29. That Defendants intended to confine Plaintiff.

30. That Plaintiff was conscious of the confinement and did not consent to it.

31. That the confinement was not otherwise privileged.

32. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

33. That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

34. Paragraphs 1 through 33 are hereby re-alleged and incorporated by reference herein.

35. That Defendant Officers were acting in furtherance of the duties owed to their employers, Defendant CITY and Defendant TBTA.

36. That at all times, all Defendants were acting within the scope of their employment.

37. That Defendant CITY and Defendant TBTA were able to exercise control over Defendant Officers' activities.

38. That Defendant CITY and Defendant TBTA are liable for Defendant Officers' actions under the doctrine of respondeat superior.

39. By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from August 22, 2011; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY

March 6, 2013

                Yours, etc.

                _____/S/_____
                JUSTIN M. ROPER
                *ATTORNEY FOR PLAINTIFF*
                NASS & ROPER LAW, LLP
                14 PENN PLAZA, SUITE 2004
                NEW YORK, NEW YORK 10122

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, FRANKLIN OKEKE. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:    New York, New York
               March 6, 2013

                                                               _____/S/_____
                                                                JUSTIN M. ROPER, ESQ.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**FRANKLIN OKEKE,**

                                 **Plaintiff,**

– against –

**CITY OF NEW YORK, ET AL.**

                                 **Defendants.**

**SUMMONS & VERIFIED COMPLAINT**

                     **NASS & ROPER LAW, LLP**
                     *Attorneys for Plaintiff*
                     **FRANKLIN OKEKE**
                     **14 Penn Plaza, Suite 2004**
                     **New York, New York 10122**
                     **(718) 775-3246**
                     **Fax: (718) 775-3246**[*]

---

[*] Not for service of papers.